UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MR. J. J. W. JEAN-LOUIS,

                         Plaintiff,

            -against-

BOARD OF EDUCATION; CITY OF NEW
YORK,

                         Defendant.

24-CV-2226 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently being treated at the Kirby Forensic Psychiatric Center, brings

this action *pro se*. He requests to proceed without prepayment of fees, that is, *in forma pauperis*

("IFP"). Plaintiff is barred, however, from filing any federal civil action IFP while he is a

prisoner. *See Jean-Louis v. Mayor City of New York*, ECF 1:23-CV-4286, 2 (S.D.N.Y. May 25,

2023) (recognizing Plaintiff as barred under 28 U.S.C. § 1915(g) and listing his "strikes"); *Jean-

Louis v. Onafer Nuclear Power Plant*, No. 2:12-CV-1071, 2 (C.D. Cal. Feb. 22, 2012) (same).

Those decisions relied on the "three-strikes" provision of the Prison Litigation Reform Act

("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

    Because the complaint was not accompanied by the $405.00 in fees required to file a civil

action, the Court assumes that Plaintiff is seeking to proceed IFP. According to New York State

court records, a criminal action was brought against Plaintiff in the New York Supreme Court,

New York County, which remains pending, and it appears that, on March 9, 2023, that court

ordered Plaintiff's temporary treatment and/or assessment in a mental hospital. *See People v.*

*Jean Louis*, IND-72778-22/001 (N.Y. Sup. Ct, N.Y. Cnty.) Thus, it seems that, on or about March 7, 2024, when Plaintiff delivered his original complaint commencing this civil action to hospital officials for its mailing to this court,[1] he was a prisoner, as defined by the PLRA. *See* 28 U.S.C. § 1915(h) (for the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program."); *Gibson v. City Mun. of New York*, 692 F.3d 198, 199 (2d Cir. 2012) ("[A] person who has been charged with a crime and is being held prior to trial under a temporary order of observation at a mental health institution, pursuant to New York state law, is a 'prisoner' within the meaning of the [PLRA].").

As discussed above, Plaintiff is barred, under the "three-strikes" provision of the PLRA from filing any new federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury. *See Jean-Louis*, ECF 1:23-CV-4286, 2 (S.D.N.Y. May 25, 2023); *Jean-Louis*, No. 2:12-CV-1071, 2 (C.D. Cal. Feb. 22, 2012). Since the Court has determined that Plaintiff was a prisoner at the time that he filed the complaint commencing this action, and because he seeks to proceed in this action IFP, he is barred under Section 1915(g) from proceeding with this action IFP, unless he shows that he was under imminent of serious physical injury at the time that he filed the complaint.[2]

Plaintiff's complaint does not show that he was in imminent danger of serious physical injury at the time he filed his complaint. Instead, Plaintiff appears to be asserting claims against

---

[1] Plaintiff did not specifically indicate when he delivered it to hospital officials for its mailing to this court, but he signed and dated the complaint on March 7, 2024. (*See* ECF 1.)

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

the City of New York and its Department of Education arising from their alleged negligence in failing to build underground nuclear fallout shelters in the City's elementary schools. (*See* ECF 1, at 1.) Plaintiff is therefore barred, under Section 1915(g), from bringing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses the complaint without prejudice under the PLRA's "three-strikes" filing bar.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:   March 26, 2024
      New York, New York

                              /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                       Chief United States District Judge

---

[2] Plaintiff may commence a new federal civil action by paying the fees to bring that action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions (even if the filing fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).